HARRY EGAN, Appellant, v. MOE WERFEL and Another, Doing Business as ZIM SERVICE STATION, Respondents.— In an action by plaintiff, a police officer, to recover damages for the negligence of the defendants in maintaining an open grease pit on their premises, into which the plaintiff fell, as he claims, during the performance of his duty, there was a question of fact presented as to the negligence of the defendants and the contributory negligence of the plaintiff. The verdict was for defendants. Judgment and order denying a new trial unanimously affirmed, with costs. No opinion. Present — Young, Hagarty, Carswell, Davis and Johnston, JJ.

HELEN MACGREGOR FAITHFULL, Respondent, v. DAILY MIRROR, INC., Appellant. — Order directing the defendant to accept service of the second amended complaint of the plaintiff affirmed, with ten dollars costs and disbursements. Such amended complaint may be delivered to defendant with a copy of the order of affirmance. The defendant may serve an answer within ten days after the service of the second amended complaint. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

STANLEY E. FAITHFULL, Respondent, v. DAILY MIRROR, INC., Appellant.— Order directing the defendant to accept service of the second amended complaint of the plaintiff affirmed, with ten dollars costs and disbursements. Such amended complaint may be delivered to defendant with a copy of the order of affirmance. The defendant may serve an answer within ten days after the service of the second amended complaint. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

GAETANO FARINA, Appellant, v. ANTONIO LUCISANO, Respondent.— Judgment for defendant in an action for an injunction to restrain defendant from interfering with plaintiff's use of a driveway between plaintiff's and defendant's houses reversed on the law and the facts, with costs to appellant, and judgment directed for plaintiff, with costs. Findings of fact numbered 3, 4 and 5 are reversed and the conclusions of law are disapproved. Plaintiff's proposed findings of fact numbered IV, VIII, IX, X, XI, XII, XIII and XIV are found. Defendant obtained title through several mesne conveyances from the first mortgagee, who purchased the property at a foreclosure sale. Therefore, defendant acquired title as of the time the mortgage lien was created. (*Naccash* v. *Hildansid Realty Corporation*, 236 App. Div. 686.) It appears, however, that when the original owner applied to the Bond and Mortgage Guarantee Company for a loan to finance the erection of a house on each lot, he submitted plans showing the driveway between the house now owned by plaintiff and the one now owned by defendant, and the loan secured by the mortgage on each was made in reliance upon the plans. In addition, the complaint in the foreclosure action on the parcel now owned by defendant, as well as the referee's deed, recognizes plaintiff's easement in the driveway by reciting that the premises are subject to any change in physical condition since the date of a certain survey, which was made before the execution of the first mortgage. It is agreed the only change subsequently made was the erection of the houses with the driveway between them. The intent of the parties to the mortgage is further evidenced by the fact that immediately after the erection of the houses the mortgagee recorded an instrument declaring its " approval of the manner in which the homes were constructed." Under the circumstances plaintiff has an easement in that portion of defendant's property which is used for the driveway. (*Wells* v. *Garbutt*, 132 N. Y.